150 A.3d 936

IN THE MATTER OF DONALD E. WARREN AN ATTORNEY AT LAW (ATTORNEY NO. 006781996)

December 05, 2016

**ORDER**

This matter have been duly presented pursuant to *Rule* 1:20-10(b), following a granting of a motion for discipline by consent in DRB 16-284 of **DONALD E. WARREN** of **HAMILTON,** who was admitted to the bar of this State in 1996;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.1(a)(gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with the client), *RPC* 1.4(c) (failure to explain a matter to the client), *RPC* 1.7(a)(2) and *RPC* 1.8(a) (conflict of interest), *RPC* 1.15(d), and *Rule* 1:21-6 (recordkeeping violations), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.4(b)(c), *RPC* 1.7(a)(2), *RPC* 1.8(a), *RPC* 1.15(d), *Rule* 1:21-6, and *RPC* 8.4(c), and that said conduct

warrants a three-month suspension from practice or lesser discipline;

And the Disciplinary Review Board having' concluded from its review of the matter that respondent violated *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.7(a)(2), and *RPC* 1.8(a), and having dismissed the stipulated violations of *RPC* 1.4(b), *RPC* 1.4(c), *RPC* 1.15(d), *RPC* 8.4(c), and *Rule* 1:21-6, finding that the facts do not support them;

And the Disciplinary Review Board having determined that a three-month suspension is the appropriate quantum of discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV–2014–0027E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20-16(e);

And good cause appearing;

It is ORDERED that **DONALD E. WARREN** of **HAMILTON** is hereby suspended from the practice of law for a period of three months, effective January 6, 2017, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

228

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual